**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **LAMONT BRACY**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICOLD LOGISTICS LLC**,<br><br>Defendant. | Case No. 1:23-cv-05743-TWT |

| | |
|---|---|
| **HAKEEM LEE**, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICOLD LOGISTICS LLC**,<br><br>Defendant. | Case No. 1:23-cv-05797-MLB |

| | |
|---|---|
| **TIMOTHY CHARK and MICHELLE BAILEY**, *individually and on all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>**AMERICOLD LOGISTICS, LLC**,<br><br>Defendant. | Case No. 1:23-cv-05808-TWT |

| | |
|---|---|
| **BRANDEN TURNER and BRANDICE TURNER**, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>**AMERICOLD LOGISTICS LLC**,<br><br>Defendant. | Case No. 1:23-cv-05843-TWT |

| | | |
|---|---|---|
| **SEAN SHEFFLER**, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICOLD LOGISTICS, LLC**,<br><br>Defendant. | ) | Case No. 1:23-cv-05950-TWT |

**UNOPPOSED MOTION TO CONSOLIDATE**

Pursuant to Fed. R. Civ. P. 42(a), Plaintiffs Lamont Bracy, Hakeem Lee, Timothy Chark, Michelle Bailey, Branden Turner, Brandice Turner, and Sean Sheffler on behalf of a putative class (hereinafter, collectively, "Plaintiffs") move to consolidate, for all purposes, the above-captioned matters. All Plaintiffs agree to consolidate these five actions and submit that consolidation is appropriate because the actions concern the same allegations. Defendant does not oppose this Motion. Plaintiffs represent the following:

1.

On December 14, 2023, Plaintiff Lamont Bracy filed a class action complaint adverse to Defendant Americold Logistics LLC (hereinafter, "Americold"). *See* Case No. 1:23-cv-05743 ("*Bracy*"). Subsequently, three other class action

complaints were filed by Lee, Chark and Bailey, and Turner and Turner. *See* Case No. 1:23-cv-05797 ("*Lee*"); Case No. 1:23-cv-05808 ("*Chark*"); Case No. 1:23-cv-05843 ("*Turner*"); and Case No. 1:23-cv-05950 ("*Sheffler*"). The *Bracy*, *Chark*, *Turner*, and *Sheffler* actions have been assigned to The Honorable Thomas W. Thrash, Jr. The *Lee* action is assigned to the Honorable Michael L. Brown. All five actions seek relief from injuries allegedly suffered by Plaintiffs as a result of a data security incident of Americold Logistics, LLC.

2.

Fed. R. Civ. P. 42(a) states in pertinent part that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). This Rule "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Halo Wireless, Inc. v. TDS Telecomm. Corp*, Civil Action Nos. 2:11–CV–158–RWS, 1:11–CV–2749–RWS, 2012 WL 246393, at *2 (N.D. Ga. Jan. 26, 2012) (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995)).

3.

"When deciding if separate lawsuits should be consolidated into a single action, a trial court weighs several factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or

legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials." *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 727 F. App'x 562, 570 (11th Cir. 2018) (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). "District court judges in this circuit have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017) (citation and internal quotation marks omitted)).

4.

In this case, the five complaints at issue reveal that consolidation is warranted. The questions raised in the *Bracy* Complaint (Case No. 1:23-CV-05743, at ECF No. 1) are the extent to which, and whether, Americold is liable to Plaintiff Bracy and other purported class members as the result of a data security incident announced by Americold on or around December 8, 2023. The *Lee, Chark, Turner, and Sheffler* Complaints also arise out of the data security incident announced by Americold on or around December 8, 2023. *See Lee*, Case No. 1:23-cv-05797, at ECF No. 1; *Chark*, Case No. 1:23-cv-05808, at ECF No. 1; *Turner*, 1:23-cv-05843, at ECF No. 1; *Sheffler*, 1:23-cv-05950, at ECF No. 1. All five complaints generally allege similar causes of action: negligence, negligence *per se*, breach of implied contract, breach

of implied covenant of good faith and fair dealing, unjust enrichment, invasion of privacy, declaratory judgement. The *Bracy* Complaint alleges violations of O.C.G.A § 13-6-11, and relief under the Georgia Uniform Deceptive Trade Practices Act O.C.G.A §§ 13-1-370. However, when weighing the factors identified by the Eleventh Circuit to be used when determining whether separate actions should be consolidated under Fed. R. Civ. P. 42(a), consolidation is clearly proper in this case. *See generally Blitz Telecom Consulting*, 727 F. App'x at 570.

5.

Here, because all of the cases arise out of the same data security incident, consolidation will ease the burdens placed on the parties and witnesses and will ease potential burdens placed on this Court. Also, all parties would be better served if the actions were consolidated as there would be less time and expense involved than if there were multiple putative class action proceedings.

6.

No responsive pleading has been filed yet in any of the cases, so consolidation would further streamline that process.

7.

For the reasons discussed above, consolidation of these matters is warranted. Consolidating these five cases will promote the interest of judicial economy, avoid unnecessary filings and the duplicative efforts of five separate cases, and serve the

objectives of Fed. R. Civ. P. 42(a).

8.

While Defendant does not oppose consolidation pursuant to Fed. R. Civ. P. 42(a), nothing in this motion should or will be construed against Defendant to suggest that any of the cases should be certified as a class action pursuant to Fed. R. Civ. P. 23 or any other law or statute. Moreover, Plaintiffs agree that Defendant is not waiving any other rights by agreeing that these five cases should be consolidated pursuant to Fed. R. Civ. P. 42(a), including without limitation any right to move to compel arbitration.

9.

Accordingly, Plaintiffs move this Court to consolidate *Lee*, Case No. 1:23-cv-05797; *Chark*, Case No. 1:23-cv-05808; *Turner*, Case No. 1:23-cv-05843; and *Sheffler*, Case No. 1:23-cv-05950, under *Bracy*, Case No. 1:23-cv-05750, the first filed action.

10.

Counsel for Plaintiffs in *Bracy v. Americold Logistics LLC* (Case No. 1:23-cv-05743), *Hakeem Lee v. Americold Logistics LLC* (Case No. 1:23-cv-05797), *Chark v. Americold Logistics LLC* (Case No. 1:23-cv-05808), *Turner v. Americold Logistics LLC* (Case No. 1:23-cv-05843); *Sheffler v. Americold Logistics, LLC* (Case No. 1:23-cv-05950) intend to seek appointment as class counsel pursuant to Fed. R.

Civ. P. 23(g).

11.

Plaintiffs request that all deadlines be stayed pending the Court's ruling on the motion to consolidate and that Plaintiffs be granted twenty-one (21) days from the Court's approval of the Joint Motion to Consolidate to file motions seeking appointment as class counsel. Plaintiffs further request that Plaintiffs be granted twenty-one (21) days from the Court's order appointing class counsel to file a consolidated complaint, that Defendant be granted forty-five (45) days from the filing of a consolidated complaint to file its response to the consolidated complaint, that if Defendant responds to the consolidated complaint by filing a motion, Plaintiffs be granted forty-five (45) days from the filing of such motion to file their response, and that Defendant be granted twenty-one (21) days from the filing of Plaintiffs' response to file any reply. Finally, Plaintiffs request that the deadline to confer regarding communications with putative class members set forth in Local Rule 23.1 be set at thirty (30) days following the appointment of class counsel. A summary of Plaintiffs' proposed deadlines, which Defendant consents to, is set forth below for the Court's convenience.

| **Event** | **Proposed Deadline** |
|---|---|
| Deadline to file motions seeking appointment as class counsel | 21 days from Court's order granting joint motion to consolidate |
| Deadline to file consolidated complaint | 21 days from order appointing class counsel |

| | |
|---|---|
| Defendant's deadline to respond to consolidated complaint | 45 days from filing of consolidated complaint |
| Plaintiffs' deadline to respond to any motion Defendant files in response to consolidated complaint | 45 days from filing of such motion |
| Defendant's deadline to file reply brief in support of any motion filed in response to consolidated complaint | 21 days from filing of Plaintiff's response |
| Deadline to confer regarding communications with putative class members | 30 days from order appointing class counsel |

12.

Plaintiffs request that any subsequently filed related cases be consolidated with these cases under Civil Action No. 1:23-cv-05743 (*Bracy*).

Date: December 30, 2023

Respectfully Submitted,

/s/ *MaryBeth V. Gibson*
MaryBeth V. Gibson
Georgia Bar No. 725843
N. Nickolas Jackson
Georgia Bar No. 841433
**THE FINLEY FIRM, P.C.**
3535 Piedmont Rd.
Building 14, Suite 230
Atlanta, GA 30305
Phone: (678) 642-2503
Fax: (404) 320-9978
mgibson@thefinleyfirm.com
njackson@thefinleyfirm.com

Terence R. Coates (admitted *pro hac vice*)
Justin C. Walker (admitted *pro hac vice*)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, OH 45202

Phone: (513) 651-3700
Fax: (513) 665-0219
tcoates@msdlegal.com
jwalker@msdlegal.com

*Counsel for Plaintiff Lamont Bracy*

*/s/ Rachel Dapeer*

**DAPEER LAW, P.A.**
Rachel Dapeer
Florida Bar No. 108039 (*pro hac vice* to be filed)
20900 NE 30th Ave #417
Aventura, FL 33180
rachel@dapeer.com

Andrew Shamis
**Shamis & Genile, P.A.**
14 N.E. 1st Ave
Suite 705
Miami, FL 33132
305-479-2299
ashamis@shamisgentile.com

*Counsel for Plaintiff Hakeem Lee*

*/s/ MaryBeth V. Gibson*

MaryBeth V. Gibson
Georgia Bar No. 725843
N. Nickolas Jackson
Georgia Bar No. 841433
**THE FINLEY FIRM, P.C.**
3535 Piedmont Rd.
Building 14, Suite 230
Atlanta, GA 30305
Phone: (678) 642-2503
Fax: (404) 320-9978
mgibson@thefinleyfirm.com
njackson@thefinleyfirm.com

Mason Barney (admitted *pro hac vice*)
Tyler Bean (admitted *pro hac vice*)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
E: mbarney@sirillp.com
E: tbean@sirillp.com

*Counsel for Plaintiffs Timothy Chark and Michelle Bailey*

*/s/ MaryBeth V. Gibson*
MaryBeth V. Gibson
Georgia Bar No. 725843
N. Nickolas Jackson
Georgia Bar No. 841433
**THE FINLEY FIRM, P.C.**
3535 Piedmont Rd.
Building 14, Suite 230
Atlanta, GA 30305
Phone: (678) 642-2503
Fax: (404) 320-9978
mgibson@thefinleyfirm.com
njackson@thefinleyfirm.com

John J. Nelson (admitted *pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**
280 S. Beverly Drive
Beverly Hills, CA 90212
Telephone: (858) 209-6941
Email: jnelson@milberg.com

*Counsel for Plaintiffs Branden Turner and Brandice Turner*

*/s/ John A. Yanchunis*
John A. Yanchunis

**MORGAN & MORGAN COMPLEX BUSINESS DIVISION**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
jyanchunis@ForThePeople.com

*Cousnel for Sean Sheffler*

**CERTIFICATE OF SERVICE AND LOCAL RULE 7.1(D) CERTIFICATION**

I hereby certify that on December 30, 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing and effectuate service to all counsel of record in this matter, pursuant to Local Rule 5.1.

I further certify that this Motion has been prepared with one of the fonts and point selections approved by the Court in Local Rule 5.1(C).

/s/ *MaryBeth V. Gibson*
MaryBeth V. Gibson