**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LAMONT BRACY, *et. al., on behalf of himself and all others similarly situated,* | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-05743 |
| v. | ) | |
| AMERICOLD LOGISTICS LLC, | ) | |
| Defendant. | ) | |

**AMERICOLD LOGISTICS, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ....................iii

INTRODUCTION ....................1

I. Plaintiffs Lack Article III Standing. ....................2

A. Five Plaintiffs (Bracy, Chark, Sheffler, Brandice Turner, and Vincent) Have Not Alleged an Injury in Fact. ....................2

B. Plaintiffs' Other Allegations of Injury Do Not Establish Article III Standing. ....................3

1. Plaintiffs Have Not Adequately Alleged a Substantial Risk of Future Harm. ....................3

2. Plaintiffs' Alleged Mitigation Efforts Do Not Establish Article III Standing. ....................4

3. An Alleged Lost Benefit of the Bargain Is Not an Injury in Fact. ....................5

4. An Alleged Diminution in Value of PII Is Not Injury in Fact. ....................6

5. Plaintiffs' Alleged Loss of Privacy Does Not Establish Article III Standing. ....................6

C. Plaintiffs Samuels and Branden Turner's Dark Web Allegations Are Not Traceable to the Cyberattack. ....................7

II. Plaintiffs Fail to State a Claim on the Merits. ....................8

A. Plaintiffs' Negligence Claims Fail (Count I). ....................8

B. Plaintiffs' Negligence Per Se Claims Fail (Count II). ....................9

C. Plaintiffs Fail to State Implied Contract Claims (Count III). ....................11

D. Plaintiffs Fail to State Claims for Unjust Enrichment (Count IV). ....................12

E. Plaintiffs Fail to State Claims Under the DTPA (Count VI). ....................14

F. Plaintiffs' Ancillary Claims Fail (Counts V and VII)........................15

CONCLUSION ........................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*,
353 F. Supp. 3d 1070 (D. Colo. 2018)....................10

*Brooks v. Peoples Bank*,
2024 WL 2314538 (S.D. Ohio May 6, 2024)....................13

*Castillo v. Seagate Tech., LLC*,
2016 WL 9280242 (N.D. Cal. Sept. 14, 2016)....................5

*Collins v. Athens Orthopedic Clinic, P.A.*,
307 Ga. 555 (Ga. 2019)....................8

*Covington v. Gifted Nurses, LLC*,
2023 WL 5167366 (N.D. Ga. July 19, 2023)....................10

*DiPierro v. Fla. Health Scis. Ctr., Inc.*,
--- F. Supp. 3d ---, 2024 WL 3051320 (M.D. Fla. June 18, 2024)....................4, 6, 7

*Everhart v. Colonial Pipeline Co.*,
2022 WL 3699967 (N.D. Ga. July 22, 2022)....................8, 9

*Flores v. Aon Corp*.,
2023 WL 6333957 (Ill. Ct. App. Sept. 29, 2023)....................13

*Gaddy v. Long & Foster Cos*.,
2022 U.S. Dist. LEXIS 46657 (D.N.J. Mar. 15, 2022)....................13

*Green-Cooper v. Brinker Int'l, Inc.*,
73 F.4th 883 (11th Cir. 2023)....................3, 7

*Griffey v. Magellan Health Inc.*,
562 F. Supp. 3d 34 (D. Ariz. 2021)....................15

*In re 21st Century Oncology Customer Data Sec. Breach Litig.*,
380 F. Supp. 3d 1243 (M.D. Fla. 2019)....................3

*In re Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*,
2023 WL 8540911 (D.N.J. May 5, 2023)....................13

*In re Equifax, Inc. Customer Data Sec. Breach Litig.*,
362 F. Supp. 3d 1295 (N.D. Ga. 2019)....................11

*In re Equifax, Inc. Customer Data Sec. Breach Litig.*,
999 F.3d 1247 (11th Cir. 2021)....................3

*In re Gallagher Data Breach Litig.*,
631 F. Supp. 3d 573 (N.D. Ill. 2022)....................13

*In re Marriott Int'l, Inc., Customer Data Security Breach Litigation*,
440 F. Supp. 3d 447 (D. Md. 2020)....................6

*In re MCG Health Data Sec. Issue Litig.*,
2023 WL 3057428 (W.D. Wash. Mar. 27, 2023)....................10

*In re Mednax Services, Inc. Customer Data Security Breach Litigation*,
603 F. Supp. 3d 1183 (S.D. Fla. 2022)....................5

*Jean-Pierre v. Home Am. Mortg., Inc.*,
2014 WL 12859278 (N.D. Ga. Mar. 4, 2014)....................10

*Johnson v. Nice Pak Prods., Inc.*,
--- F. Supp. 3d ---, 2024 WL 2845928 (S.D. Ind. June 5, 2024)....................13

*Kelly v. Fulton Cnty. Bd. of Commr's*,
2023 WL 6444273 (N.D. Ga. Aug. 23, 2023)....................2

*Loper Bright Enters. v. Raimondo*,
144 S. Ct. 2244 (2024)....................10

*Merrell v. 1st Lake Props., Inc.*,
2023 WL 6316257 (E.D. La. Sept. 28, 2023)....................7

*Perry v. Bay & Bay Transp. Servs., Inc.*,
650 F. Supp. 3d 743 (D. Minn. 2023)....................12

*Ramirez v. Paradies Shops, LLC*,
69 F.4th 1213 (11th Cir. 2023)....................11

*Roper v. Rise Interactive Media & Analytics, LLC*,
2023 WL 7410641 (N.D. Ill. Nov. 9, 2023)....................13

*Sackin v. TransPerfect Glob., Inc.*,
278 F. Supp. 3d 739 (S.D.N.Y. 2017) ....................................................5

*SELCO Cmty. Credit Union v. Noodles & Co.*,
267 F. Supp. 3d 1288 (D. Colo. 2017)....................................................10

*Serveco N. Am., LLC v. Bramwell*,
2023 U.S. Dist. LEXIS 45886 (N.D. Ga. Mar. 20, 2023) ..................................14

*Sixth Dist. of Afr. Methodist Episcopal Church v. Kemp*,
574 F. Supp. 3d 1260 (N.D. Ga. 2021)....................................................7

*Teeter v. Easterseals-Goodwill N. Rocky Mountain, Inc.*,
2023 WL 2330241 (D. Mont. Mar. 2, 2023) ................................................12

*Tsao v. Captiva MVP Rest. Partners, LLC*,
986 F.3d 1332 (11th Cir. 2021) ..........................................................3, 4, 5

*WESI, LLC v. Compass Envtl., Inc.*,
509 F. Supp. 2d 1353 (N.D. Ga. 2007)....................................................14

*Whiteside v. Decker, Hallman, Barber & Briggs, P.C.*,
310 Ga. App. 16 (2011) ..................................................................9

**RULES**

Rule 9(b)..................................................................................14

## INTRODUCTION

In their opposition ("Opp."), Plaintiffs attempt to conceal their lack of Article III standing by mischaracterizing their own allegations and relying on outdated and out-of-circuit case law that ignores the Eleventh Circuit's recent pronouncements about what an individual in a data breach case must allege to have standing. But even if Plaintiffs could overcome that basic jurisdictional hurdle, they still fail to state a plausible claim to relief because, among other reasons:

- They have not alleged any legally cognizable damages, which is a required element of their negligence claims;
- Their negligence per se claims based on Section 5 of the FTC Act fail because they are not within the class of persons that statute is designed to protect;
- They have not alleged a plausible meeting of the minds with Americold, as required to state claims for breach of implied contract;
- Their unjust enrichment claims fail because they cannot show that Americold benefitted from receiving Plaintiffs' personal information; and
- Their claims under the Georgia Uniform Deceptive Trade Practices Act are not pleaded with the required specificity and Plaintiffs do not allege the plausible risk of future harm that is required to support a claim under that statute.

## ARGUMENT

### I. Plaintiffs Lack Article III Standing.

#### A. Five Plaintiffs (Bracy, Chark, Sheffler, Brandice Turner, and Vincent) Have Not Alleged an Injury in Fact.

In its opening brief, Americold explained that Eleventh Circuit precedent generally requires misuse of the personal information acquired from a data breach in order to satisfy Article III's injury-in-fact requirement, and that Plaintiffs Bracy, Chark, Sheffler, Brandice Turner, and Vincent had not alleged that any personal information has been misused as a result of the Cyberattack. Opening Br. at 4-5.

Plaintiffs respond by claiming that they all "plausibly allege their information was exposed on the dark web" after the Cyberattack. Opp. at 5. But they misconstrue the Complaint's allegations. The paragraphs Plaintiffs cite to support this assertion allege only that "[t]he Cactus cybercriminal ransomware gang claimed that it accessed and exfiltrated Plaintiff[s'] and Class Members' PII" and that it "leaked a 6 gigabyte archive of accounting and financial documents they allegedly stole from Americold's network." Compl. ¶¶ 5, 6. These paragraphs say nothing about whether Plaintiffs' PII (or anyone else's) was included in the "accounting and financial documents" that were allegedly posted to the dark web. *Id.* ¶ 6. These five Plaintiffs cannot establish standing based on the unpleaded assertion that their personal information was purportedly exposed on the dark web. *See Kelly v. Fulton Cnty. Bd. of Commr's*, 2023 WL 6444273, at *5 (N.D. Ga. Aug. 23, 2023) (in ruling

on a motion to dismiss, court cannot consider "allegations [that] do not appear in the . . . complaint").

B. Plaintiffs' Other Allegations of Injury Do Not Establish Article III Standing.

1. *Plaintiffs Have Not Adequately Alleged a Substantial Risk of Future Harm.*

As Americold demonstrated in its opening brief, Eleventh Circuit precedent "typically require[s] misuse of the data cybercriminals acquire from a data breach" to establish "a 'substantial risk' of harm in the future." *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 889 (11th Cir. 2023) (citation omitted). Plaintiffs respond by arguing that misuse is not required and ask the Court to apply a three-factor test from a Middle District of Florida decision that examines the motive of the threat actor, the type of information that was involved, and whether there is evidence of access or misuse of the data. Opp. at 5-7 (citing *In re 21st Century Oncology Customer Data Sec. Breach Litig.*, 380 F. Supp. 3d 1243, 1251 (M.D. Fla. 2019)). But the test Plaintiffs urge this Court to apply has never been adopted by the Eleventh Circuit, even though that Court has addressed Article III standing in the data breach context on three occasions since the District Court decision Plaintiffs rely on was decided. *See generally Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332 (11th Cir. 2021); *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247 (11th Cir. 2021); *Brinker*, 73 F.4th at 883.

Importantly, the Eleventh Circuit has never found Article III standing in a data breach case without evidence of misuse as a result of the breach. Indeed, "without specific evidence of *some* misuse of class members' data, a named plaintiff's burden to plausibly plead factual allegations sufficient to show that the threatened harm of future identity theft was 'certainly impending'—or that there was a 'substantial risk' of such harm—will be difficult to meet." *Tsao*, 986 F.3d at 1344. Thus, while there may be extreme instances where a plaintiff can show a substantial risk of future harm without plausibly alleging misuse, Plaintiffs here plead no facts to suggest that this is such a case.[1] Instead, excluding the mischaracterizations of the Complaint discussed above, they argue only that they have standing because their information was stolen. *See* Opp. at 7. But "[t]he 'mere theft' of the plaintiffs' data . . . [is] simply 'too speculative to constitute an injury-in-fact.'" *Tsao*, 986 F.3d at 1342.

2. *Plaintiffs' Alleged Mitigation Efforts Do Not Establish Article III Standing.*

Plaintiffs acknowledge that whether the time and money they allegedly spent mitigating a risk of future harm from the Cyberattack qualifies as a legally

[1] Though Plaintiffs Samuels and Brandon Turner allege they received an alert that some of their personal information was made available on the dark web, these allegations are not fairly traceable to Americold. *See* Section I.C, *infra*. Plaintiffs cannot use allegations of misuse that bear no connection to the Cyberattack to support a substantial risk of future harm. *DiPierro v. Fla. Health Scis. Ctr., Inc.*, --- F. Supp. 3d ---, 2024 WL 3051320, at *5 (M.D. Fla. June 18, 2024) (allegations of misuse that are not fairly traceable to a data breach are insufficient to establish that other individuals have a substantial risk of future harm).

cognizable injury depends on whether they have alleged a substantial risk of future harm. Opp. at 7. As explained above, Plaintiffs have not done so. Accordingly, Plaintiffs' alleged mitigation measures are merely an attempt to "inflict[] harm on themselves based on their fears of hypothetical future harm that is not certainly impending," and do not establish standing. *Tsao*, 986 F.3d at 1344 (citation omitted).

3. *An Alleged Lost Benefit of the Bargain Is Not an Injury in Fact.*

Plaintiffs rely primarily on out-of-circuit case law to argue that an alleged "lost benefit of an implied bargain for data security is concrete injury." Opp. at 9. But the language Plaintiffs cite from those cases discusses what a Plaintiff must plead to allege a claim for breach of implied contract, not Article III standing. *See Castillo v. Seagate Tech., LLC*, 2016 WL 9280242, at *9 (N.D. Cal. Sept. 14, 2016); *Sackin v. TransPerfect Glob., Inc.*, 278 F. Supp. 3d 739, 750 (S.D.N.Y. 2017). The only case Plaintiffs cite from this Circuit to support their theory that an alleged lost benefit of the bargain qualifies as an injury in fact is *In re Mednax Services, Inc. Customer Data Security Breach Litigation*, 603 F. Supp. 3d 1183 (S.D. Fla. 2022). *Mednax*, however, acknowledges that an alleged lost benefit of the bargain is not legally cognizable unless Plaintiffs allege plausible facts demonstrating "reliance on defendants' representations as to their security policies." *Id.* at 1205. No Plaintiff alleges that they relied on any representations of Americold about its data security

in deciding whether to provide their personal information to Americold. Thus, Plaintiffs cannot proceed on this theory.

4. *An Alleged Diminution in Value of PII Is Not Injury in Fact*.

Americold demonstrated in its opening brief that Plaintiffs' conclusory allegations about a reduction in the value of their PII are insufficient to establish Article III standing. Opening Br. at 9-10. Plaintiffs once again rely on out-of-circuit authority to support their argument, citing primarily to *In re Marriott Int'l, Inc., Customer Data Security Breach Litigation*, 440 F. Supp. 3d 447 (D. Md. 2020). But *Marriott* is distinguishable because the Court's conclusion was based on allegations that Marriott "collects [PII] to better target customers and increase its profits" by "pay[ing] a customer analytics company to analyze personal information for this purpose." 440 F. Supp. 3d at 461. The Complaint here contains no factual allegations to indicate that Americold derived any value from the collection of the Plaintiffs' information. Moreover, Courts in this Circuit have generally required Plaintiffs to "plausibly explain how the data breach could have harmed Plaintiffs' abilities to sell their information." *DiPierro*, 2024 WL 3051320, at *7 (citations and alterations omitted). Plaintiffs have not done so.

5. *Plaintiffs' Alleged Loss of Privacy Does Not Establish Article III Standing*.

Plaintiffs argue that they have standing based on an alleged loss of privacy, reasoning that the potential involvement of their personal information in the

Cyberattack is "'analogous to the common-law tort of invasion of privacy based on public disclosure of private facts.'" Opp. at 11 (quoting *Merrell v. 1st Lake Props., Inc.*, 2023 WL 6316257, at *3 (E.D. La. Sept. 28, 2023)). But "Eleventh Circuit precedent forecloses this route to standing." *DiPierro*, 2024 WL 3051320, at *9. The common-law analogue analysis that Plaintiffs cite only applies to "legislature-made statutory violations because the Supreme Court has not applied it to any other kind of intangible harm." *Brinker*, 73 F.4th at 890 n.9.[2]

C. Plaintiffs Samuels and Branden Turner's Dark Web Allegations Are Not Traceable to the Cyberattack.

Americold explained in its opening brief that Plaintiffs Samuels and Branden Turner alleged no facts to plausibly demonstrate that their dark web alerts resulted from the Cyberattack. Opening Br. at 11-13. Plaintiffs' only response is to mischaracterize this argument as a "factual challenge[]" to Article III standing. Opp. at 12. It is not. "[I]n a factual challenge, a court considers matters outside the pleadings, such as testimony and affidavits." *Sixth Dist. of Afr. Methodist Episcopal Church v. Kemp*, 574 F. Supp. 3d 1260, 1268 n.3 (N.D. Ga. 2021). Americold does not rely on any matters outside of the Complaint to show why Samuels and Branden Turner's dark web alerts are not traceable to the Cyberattack. Americold's argument is that Samuels and Branden Turner have not alleged facts to plausibly demonstrate

[2] Plaintiffs fail to respond to, and therefore concede, Americold's argument that their alleged spam communications are not an injury in fact.

a connection between these dark web alerts and the Cyberattack. *See* Opening Br. at 11-13. Plaintiffs have no response.

## II. Plaintiffs Fail to State a Claim on the Merits.

### A. Plaintiffs' Negligence Claims Fail (Count I).

Americold showed in its opening brief that Plaintiffs have not alleged a legally cognizable injury proximately caused by Americold, a required element of their negligence claims. Opening Br. at 14-17. Plaintiffs argue in their opposition that they have alleged three legally cognizable injuries: (1) the alleged presence of their personal information on the dark web; (2) the cost of credit and identity monitoring; and (3) nominal damages. Each is insufficient.

***First***, as discussed above, Plaintiffs do not actually allege that their personal information was available on the dark web as a result of the Cyberattack. *See* Sections I.A and I.C, *supra*. This distinguishes their allegations from those the Georgia Supreme Court found sufficient in *Collins v. Athens Orthopedic Clinic, P.A.*, where the "plaintiffs allege[d] that ***their personal data*** has been stolen on a mass scale by a criminal, ***who in turn has offered it for sale to other criminals***." 307 Ga. 555, 563 (Ga. 2019) (emphasis added). Without similar allegations here, Plaintiffs' claims to injury are no different than those Judge Cohen found insufficient in *Everhart v. Colonial Pipeline Co.*, 2022 WL 3699967 (N.D. Ga. July 22, 2022). *See* Opening Br. at 14.

***Second***, costs incurred for credit monitoring and time spent are not legally cognizable injuries. As Plaintiffs acknowledge in their opposition, out-of-pocket expenses and lost opportunity costs are not legally cognizable under Georgia law without a substantial risk of future harm. *Everhart*, 2022 WL 3699967, at *5. Here, as discussed above, there is no risk of future harm and Plaintiffs are therefore not entitled to recover for these alleged damages. *See* Section I.B.1, *supra*.

***Third***, Plaintiffs' argument that they are entitled to nominal damages does not excuse them from otherwise pleading the elements of their claim, including proximate cause and actual loss. *See Whiteside v. Decker, Hallman, Barber & Briggs, P.C.*, 310 Ga. App. 16, 20 (2011) ("In the absence of specific proof of the amount of damages flowing from a tortious act, general or nominal damages may be inferred, but the defendant's liability for the damages must be established, ***including proof that the tortious act was the proximate cause of some actual loss***.") (emphasis added) (citation omitted).

B. Plaintiffs' Negligence Per Se Claims Fail (Count II).

Plaintiffs acknowledge that, to bring a claim for negligence per se, they must be within the class of persons the statute their claim is based on is designed to protect. As set forth in Americold's opening brief, the FTC Act is designed to protect consumers and competition. Opening Br. at 17-18. Plaintiffs acknowledge that they are neither consumers of Americold's goods or services nor competitors of

Americold. Opp. at 17. But they contend that they are nevertheless within the class of persons the statute is designed to protect, citing *Covington v. Gifted Nurses, LLC*, 2023 WL 5167366 (N.D. Ga. July 19, 2023). *Covington* looked to "regulatory action by the administrative agency tasked with interpreting and enforcing" the FTC Act as being "probative of" whether Plaintiffs fall within the class of individuals the statute is designed to protect. 2023 WL 5167366, at *9. As the Supreme Court has recently recognized, however, "courts . . . may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2273 (2024). There is no textual support in the FTC Act for applying that statute to employees, job applicants, or dependents of employees. Courts routinely dismiss negligence per se claims against employers under Section 5 of the FTC Act on this basis. *In re MCG Health Data Sec. Issue Litig.*, 2023 WL 3057428, at *3 (W.D. Wash. Mar. 27, 2023) (dismissing negligence per se claim premised on FTC Act where plaintiffs were not customers of defendant); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, 353 F. Supp. 3d 1070, 1085–86 (D. Colo. 2018) (same); *SELCO Cmty. Credit Union v. Noodles & Co.*, 267 F. Supp. 3d 1288, 1297 n.4 (D. Colo. 2017) (same). This Court should do the same.

Moreover, negligence per se does not obviate the need to plead damages. *Jean-Pierre v. Home Am. Mortg., Inc.*, 2014 WL 12859278, at *6 (N.D. Ga. Mar. 4,

2014). As discussed above, Plaintiffs have not done so. *See* Section II.A, *supra*. Their negligence per se claims must be dismissed.

C. Plaintiffs Fail to State Implied Contract Claims (Count III).

The Eleventh Circuit has clearly stated what Plaintiffs must show to support breach of implied contract: "[A] party must demonstrate a 'meeting of the minds' as to the key contract provisions." *Ramirez v. Paradies Shops, LLC*, 69 F.4th 1213, 1221 (11th Cir. 2023) (interpreting Georgia law). Here, Plaintiffs point to the *existence* of a 2021 Privacy Notice applicable to employment applicants, but do not allege that they read, reviewed, or were even aware of its terms.[3] Thus, no Plaintiff alleges facts to support that he or she had a "meeting of the minds" with Americold, much less that there was a mutual understanding as to the data security measures each Plaintiff allegedly contracted to receive. *See In re Equifax, Inc. Customer Data Sec. Breach Litig*., 362 F. Supp. 3d 1295, 1332-33 (N.D. Ga. 2019).

Americold also explained in its opening brief that three Plaintiffs have not alleged the required element of consideration. Plaintiffs respond by saying that their personal information has independent monetary value, and they exchanged it with Americold to be considered for employment. Opp. at 19-20. That argument fails. As another court recently held, a plaintiff's argument that "employees provide

[3] Plaintiffs fail to respond to Americold's argument that Plaintiff Brandice Turner's claim fails because she had no direct relationship with Americold at all.

PHI/PII as part of the hiring process" does not constitute a bargained-for exchange because the defendant does "not bargain for or benefit from [the plaintiff's] provision of her PHI/PII as part of her employment," but requests that information because "federal and state regulations" require it. *Teeter v. Easterseals-Goodwill N. Rocky Mountain, Inc.*, 2023 WL 2330241, at *5 (D. Mont. Mar. 2, 2023).

D. Plaintiffs Fail to State Claims for Unjust Enrichment (Count IV).

Plaintiffs make no effort to respond to Americold's directly relevant authority that compels dismissal of their unjust enrichment claims. Opening Br. at 20-22. Instead, Plaintiffs argue: (1) Americold directly benefitted from the receipt of Plaintiffs' personal information; and (2) Americold was indirectly "enriched" by cost savings related to data security. Opp. at 20-21. Neither saves the claim.

Plaintiffs do not allege a single fact to support their legal conclusion that Americold *benefitted* from the provision of their personal information. They simply assert without explaining that their personal information is "valuable property." Opp. at 20. But the only case Plaintiffs cite to support this position does not involve an unjust enrichment claim. *See Perry v. Bay & Bay Transp. Servs., Inc.*, 650 F. Supp. 3d 743 (D. Minn. 2023). In the unjust enrichment context, courts "routinely reject[] the 'proposition that an individual's personal identifying information has an

independent monetary value.'" *In re Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 592 (N.D. Ill. 2022) (listing cases).[4]

And despite Plaintiffs' statement that courts "regularly" decline to dismiss unjust enrichment claims premised on cost savings, the substantial weight of the case law dismisses unjust enrichment claims brought by employees against their employer under this theory. *See Gaddy v. Long & Foster Cos.*, 2022 U.S. Dist. LEXIS 46657, at *34–35 (D.N.J. Mar. 15, 2022) (it is not plausible that "Plaintiffs provided their services as employees to Defendant in exchange for protection of their PII data"); *Johnson v. Nice Pak Prods., Inc.*, --- F. Supp. 3d ---, 2024 WL 2845928, at *7 (S.D. Ind. June 5, 2024) ("Plaintiffs have not alleged that Defendants benefited from the PII information other than as incidental to benefitting from Plaintiffs' compensated labor. The PII is better understood as necessary to conduct business operations, not a good whose inherent value was extracted by Defendants.").

[4] *See, e.g.*, *Brooks v. Peoples Bank*, 2024 WL 2314538, at *10 (S.D. Ohio May 6, 2024) (rejecting unjust enrichment claim because "Plaintiffs do not explain *how* [the defendant] benefitted from Plaintiffs' PII")); *Roper v. Rise Interactive Media & Analytics, LLC*, 2023 WL 7410641, at *6 (N.D. Ill. Nov. 9, 2023) ("Defendant's alleged retention of Plaintiffs' SPI does not confer a benefit on Defendant's as that term is understood for purposes of unjust enrichment. Plaintiff''s unjust enrichment claim is dismissed."); *Flores v. Aon Corp.*, 2023 WL 6333957, at *7 (Ill. Ct. App. Sept. 29, 2023) (no unjust enrichment where "defendant incidentally received plaintiffs' personal information as an administrative necessity for providing their insurance services"); *In re Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*, 2023 WL 8540911, at *5 (D.N.J. May 5, 2023) (dismissing unjust enrichment claims where plaintiffs failed to explain how their PII was "independently valuable" to defendants).

E. Plaintiffs Fail to State Claims Under the DTPA (Count VI).

Plaintiffs argue that their Georgia Uniform Deceptive Trade Practices Act ("DTPA") claim survives because they have pleaded their claims with the required particularity and because they allege "ongoing and future harm," namely that their PII "remains at risk in Defendant's possession." Opp. at 23, 24. Plaintiffs are wrong.

***First***, Plaintiffs have not satisfied Rule 9(b) because they do not allege "the time, place, and content" of any misrepresentations Americold allegedly made about its data security, nor "the identity of the person making the misrepresentation and what was obtained or given up thereby." *WESI, LLC v. Compass Envtl., Inc.*, 509 F. Supp. 2d 1353, 1358 (N.D. Ga. 2007). Plaintiffs point to Paragraphs 37-41 and 333-335 of the Complaint, but those allegations simply quote various portions of a privacy notice on Americold's website. They include absolutely no detail about which Plaintiffs received or reviewed those statements, why there were misrepresentations, who made them, what Americold gained from them, or how they create a likelihood of confusion or misunderstanding. Plaintiffs' DTPA claim fails on this basis alone.

***Second***, to state a claim under the DTPA, Plaintiffs must allege plausible facts "that they are likely to be damaged in the future by an unfair trade practice." *Serveco N. Am., LLC v. Bramwell*, 2023 U.S. Dist. LEXIS 45886, at *18 (N.D. Ga. Mar. 20, 2023) (emphasis added) (internal quotation marks and citation omitted). Plaintiffs

argue that they have done so because Americold continues to hold their personal information, has experienced a cyber incident in the past, and has not provided notice about changes it has made to its cybersecurity. Opp. at 23-24. This is insufficient. As another court has explained, the fact that a company has experienced "two data breaches . . . is not enough" to demonstrate a likelihood of future harm because "the existence of an adequate data security infrastructure and two data breaches . . . are not mutually exclusive." *Griffey v. Magellan Health Inc.*, 562 F. Supp. 3d 34, 50 (D. Ariz. 2021).

F. Plaintiffs' Ancillary Claims Fail (Counts V and VII).

Plaintiffs cannot reasonably dispute that their O.C.G.A. § 13-6-11 and declaratory judgment claims are purely duplicative of their substantive claims addressed above. For example, Plaintiffs argue that "resolution of Plaintiffs' claims for damages will not clarify Defendant's prospective obligations." Opp. at 25. But Plaintiffs seek injunctive relief as part of their negligence, negligence per se, and DTPA claims. Compl. ¶¶ 314, 331, 393. Because each of Plaintiffs' substantive claims fail on the merits, there can be no liability under these ancillary claims.

## CONCLUSION

For these reasons, and those discussed in Americold's opening brief, Plaintiffs' Complaint must be dismissed.

*[signature on following page]*

Dated: July 26, 2024

*/s/ Gavin Reinke*

Kristine M. Brown
Georgia Bar No. 480189
Gavin Reinke
Georgia Bar No. 159424
M. Ashley Miller
Georgia Bar No. 330929
Nicole A. Weeks
Georgia Bar No. 871597
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
kristy.brown@alston.com
gavin.reinke@alston.com
ashley.miller@alston.com
nicole.weeks@alston.com

*Attorneys for Americold Logistics, LLC*

## LOCAL RULE 7.1D CERTIFICATION

In accordance with L.R. 7.1D, the undersigned counsel hereby certifies that, consistent with L.R. 5.1C, the foregoing document was prepared in Times New Roman font, 14 point.

This 26th day of July, 2024.

*/s/ Gavin Reinke*
Gavin Reinke
Georgia Bar No. 159424

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

This 26th day of July, 2024.

*/s/ Gavin Reinke*
Gavin Reinke
Georgia Bar No. 159424