**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LAMONT BRACY, JALISA SAMUELS, SEAN SHEFFLER, BRANDEN TURNER, BRANDICE TURNER, JOSEPH VINCENT, and BELINDA GOSS, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICOLD REALTY TRUST, INC., and AMERICOLD LOGISTICS LLC,<br><br>Defendants. | Case No. 1:23-cv-05743-TWT<br><br>Judge Thomas W. Thrash |

**PRELIMINARY APPROVAL ORDER**

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion") for consideration of whether the Settlement reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved.[1] The Court has reviewed the Motion and supporting

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement.

papers, including the Settlement Agreement and Release ("Settlement Agreement") entered into between Plaintiffs Lamont Bracy, Jalisa Samuels, Sean Sheffler, Branden Turner, Brandice Turner, Joseph Vincent, and Belinda Goss ("Plaintiffs") and Defendants Americold Realty Trust, Inc. and Americold Logistics LLC (collectively, "Americold"), which is attached as Exhibit A to the Plaintiffs' Memorandum in Support of Preliminary Approval. Having reviewed Plaintiffs' request for preliminary approval, the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved. Further, the Court preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate. Accordingly, for good cause appearing in the record, **IT IS HEREBY ORDERED THAT:**

1. **Preliminary Approval of the Settlement.** The Settlement Agreement, including the proposed Notice Program and forms of Notice to the Settlement Class, the appointment of Plaintiffs as Settlement Class Representatives, the appointment of Proposed Class Counsel as Class Counsel for the Settlement Class, the appointment of Kroll Settlement Administration LLC ("Kroll") as Settlement Administrator, the various forms of class relief provided under the terms of the Settlement Agreement, and the proposed method of distribution

of Settlement Class Member Benefits, are preliminarily approved as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2. **Preliminary Certification of the Settlement Class.** Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), and for settlement purposes only, the Court hereby provisionally certifies the following Settlement Class:

> All persons in the United States who were notified by Americold that their Private Information was impacted in the Data Incidents.
> Excluded from the Settlement Class are: (a) Americold, any entity in which Americold has a controlling interest, and Americold's officers, directors, legal representatives, successors, subsidiaries, and assigns; (b) any judge, justice, or judicial officer presiding over the *Bracy* Action and the members of their immediate families and judicial staff; and (c) any individual who timely and validly opts out of the Settlement.

3. **Rule 23 Findings.** The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). For settlement purposes, and based on the information provided, the Court preliminarily finds that: the Settlement Class is ascertainable; the Settlement Class consists of approximately 189,000 individuals, satisfying numerosity; there are common questions of law and fact, satisfying commonality; the Settlement Class Representatives' claims are typical of the claims of the other Settlement Class Members in that they

allege to have been damaged by the same conduct and in the same or similar ways, satisfying typicality; the Settlement Class Representatives will fully, fairly, and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Class and they have retained Class Counsel that are experienced and competent to prosecute this matter; questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4. **Appointment of Settlement Class Representatives.** The Court hereby appoints Plaintiffs Lamont Bracy, Jalisa Samuels, Sean Sheffler, Branden Turner, Brandice Turner, Joseph Vincent, and Belinda Goss as Settlement Class Representatives for the Settlement Class.

5. **Appointment of Class Counsel.** Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby appoints the following attorneys as Class Counsel for the Settlement Class: MaryBeth V. Gibson of Gibson Consumer Law Group, LLC; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC; Terence R. Coates of Markovits, Stock & DeMarco, LLC; and John A. Yanchunis of Morgan & Morgan Complex Litigation Group.

6. **Preliminary Approval of the Proposed Settlement.** Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class pursuant to Rule 23(e). Accordingly, the proposed Settlement is preliminarily approved. In making this determination, the Court has considered the adequacy of representation by the class representatives and Class Counsel; the adequacy of relief provided to the Settlement Class, including monetary benefits provided to the Settlement Class through the Settlement; the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms'-length negotiations between the Parties and absence of any collusion in the Settlement; the effectiveness of the proposed method for distributing relief to the Settlement Class; the proposed manner of allocating benefits to Settlement Class Members; that the Settlement treats the Settlement Class Members equitably; and all of the other factors required by Rule 23 and relevant case law.

7. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

8. **Final Approval Hearing.** A Final Approval Hearing shall be held before the Court on **October 6, 2026 at 2:00 p.m.** for the following purposes:

a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court;

b. To determine whether to grant Final Approval, as defined in the Settlement Agreement;

c. To determine whether the Notice Program as conducted was appropriate;

d. To determine whether the claims process under the Settlement is fair, reasonable, and adequate and should be approved by the Court;

e. To determine whether the requested Attorneys' Fees of up to 35% of the Settlement Fund, plus Expenses, and a Service Award to each Settlement Class Representative not to exceed $3,000 should be approved by the Court;

f. To determine whether the Settlement Class Member Benefits are fair, reasonable, and adequate; and

g. To rule upon such other matters as the Court may deem appropriate.

9. **Attorneys' Fees and Expenses.** Class Counsel shall submit their application for payment of Attorneys' Fees and Expenses no later than twenty-one (21) days before the Objection Deadline.

10. **Requests for Exclusion.** Any individual within the Settlement Class who wishes to exclude themselves from the Settlement must submit a written request for exclusion to the Settlement Administrator at the address set forth in the Long Form Notice. To be timely and valid, the request for exclusion must: (i) identify the case name and number of the *Bracy* Action; (ii) identify the name, address, telephone number, and email address (if any) of the individual seeking exclusion; (iii) be personally signed by the individual seeking exclusion; (iv) include a statement clearly indicating the individual's intent to be excluded from the Settlement; and (v) request exclusion only for that one individual. The request for exclusion must be postmarked no later than the Opt-Out Deadline which is 60 days after the Notice Date. Any request for exclusion seeking exclusion on behalf of more than one individual, or any mass or class opt-out, shall be deemed invalid by the Settlement Administrator. Any individual within the Settlement Class who does not timely and validly request exclusion shall be bound by the terms of the Settlement Agreement, including all releases and covenants therein, and all subsequent proceedings, orders, and judgments in this Action.

11. **Effect of Exclusion.** Any individual who submits a timely and valid request for exclusion from the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any

relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

**12. Objections.** Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement may object to the Settlement, Class Counsel's application for Attorneys' Fees and Expenses, and/or the application for Service Awards. To be considered by the Court, a written objection must be mailed to the Clerk of the Court, Class Counsel, Americold's Counsel, and the Settlement Administrator, and must be postmarked no later than the Objection Deadline, which is 60 days after the Notice Date. Each objection must include: (a) the case name and number of the *Bracy* Action; (b) the objector's name, address, telephone number, and email address (if any) and, if represented by counsel, of his/her counsel; (c) all grounds for the objection; (d) a statement of whether the objection Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel; (e) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); and (f) the objector's personal signature (an attorney's signature is not sufficient). If an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether pro se or through an

attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing. Any Settlement Class Member who fails to object to the Settlement in the manner described above shall be deemed to have waived any objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of the Agreement by appeal or any other means.

13. **Appearances at Final Approval Hearing.** Any Settlement Class Member who has not timely and validly excluded themselves from the Settlement may appear at the Final Approval Hearing, in person or through counsel retained at the Settlement Class Member's own expense, and be heard to the extent allowed by the Court, provided that the Settlement Class Member has submitted a timely and valid objection in compliance with Paragraph 13 above. Any Settlement Class Member who has excluded themselves from the Settlement shall not be entitled to object or otherwise appear at the Final Approval Hearing.

14. **Appointment of Settlement Administrator.** The Court hereby appoints Kroll Settlement Administration LLC as the Settlement Administrator, to

perform the duties and responsibilities set forth in the Settlement Agreement and this Order.

15. **Approval of Notice Program.** The Court approves, as to the form and content, the Notice Program set forth in the Settlement Agreement and the Declaration of Kroll Settlement Administration LLC in Support of Preliminary Approval ("Kroll Decl."), including the proposed Long Form Notice, Postcard Notice, and Claim Form attached to the Kroll Decl. as Exhibits 1-3. The Court further approves the establishment of the Settlement Website, the toll-free number, and the post-office box as described in the Admin. Decl. The Court finds that such Notice Program meets the requirements of Federal Rule of Civil Procedure 23(c), the constitutional requirement of the Due Process Clause(s) of the United States and Georgia Constitutions, and any other legal requirements, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to such notice. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

16. **Class Lists and Commencement of Notice.** Within ten (10) days after entry of this Preliminary Approval Order, Americold shall coordinate to make available to the Settlement Administrator the Class Lists. Within thirty (30)

days after entry of this Preliminary Approval Order (the "Notice Date"), the Settlement Administrator shall commence the Notice Program using the forms of Notice approved by the Court. Postcard Notice shall be disseminated via first-class U.S. Mail to the Settlement Class Members' mailing addresses as reflected in the Class Lists, updated through the United States Postal Service's National Change of Address database. The Long Form Notice, Claim Form, Settlement Agreement, and other key documents shall be made available on the Settlement Website.

17. **Notice to the Class.** The Notice Program, along with the Postcard Notice, Long Notice, and Claim Form attached to Kroll Declaration as Exhibits 1 through 3 satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved. Non-material modifications to these exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Plan and to perform all other tasks that the Settlement requires.

18. **CAFA Notice.** Americold shall serve or cause to be served the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), not later than ten (10) days after the filing of the Motion.

19. **Claims Process and Distribution of Cash Benefits.** The Settlement establishes a process for assessing and determining the validity and value of

claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form. The Court preliminarily approves this process. Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement Agreement, including the Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for any monetary benefit under the Settlement that requires submission of a claim but fail to submit a claim in accordance with the requirements and procedures specified in the Settlement, including the Claim Form, shall be forever barred from receiving any such monetary benefit, but will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement, and the Final Approval Order and Judgment.

**20.** **Stay of Proceedings.** Except as necessary to effectuate this Order and the Settlement Agreement, all proceedings and deadlines in this Action, and in *Sheffler v. Americold Realty Trust*, Case No. 1:21-cv-01075-MHC (N.D. Ga.), as to the claims covered by the Settlement Agreement, are stayed and suspended pending the Final Approval Hearing and the issuance of the Final Approval Order and Judgment, or until further order of this Court.

**21.** **Termination of the Settlement and Use of this Order.** This Preliminary Approval Order shall become null and void and shall be without prejudice to

the rights of Plaintiffs and Americold, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement Agreement. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever. In such event, this Order shall not be construed or used as an admission, concession, or declaration by or against Americold of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that any relief requested is inappropriate, improper, or unavailable; and shall not constitute a waiver by any party of any defense (including any defense to class certification) or any claims he or she may have in this Action or in any other lawsuit. Any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. In addition, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement Agreement, the Amended Complaint filed in this Action, Dkt.

No. 67, shall be treated as vacated, *nunc pro tunc*, and the Parties shall continue to litigate in the respective *Sheffler* Action and *Bracy* Action.

22. **Continuance of Final Approval Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator.

23. **Summary of Deadlines.** The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to, the following:

| **ACTION** | **DEADLINE** |
|---|---|
| Americold provides CAFA Notice to State and Federal Officials | Within 10 days after the filing of the Motion for Preliminary Approval |
| Americold Provides Class Lists to Settlement Administrator | Within 10 days after entry of the Preliminary Approval Order |
| Notice Date (Notice Program Commences) | Within 30 days after entry of the Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the appropriate governmental offices are served with CAFA notice |
| Opt-Out Deadline | 60 days after the Notice Date |
| Objection Deadline | 60 days after the Notice Date |

| **ACTION** | **DEADLINE** |
|---|---|
| Deadline to File Motion for Attorneys' Fees, Expenses, and Service Awards | At least 21 days before the Objection Deadline |
| Claim Form Deadline | 90 days after the Notice Date |
| Deadline for Motion for Final Approval and Response to Objections | At least 14 days before the Final Approval Hearing |
| Final Approval Hearing | **October 6, 2026, at 2:00 PM** which is no earlier than 90 days after CAFA Notices are served |
| Dismissal with Prejudice of Sheffler Action | Within 7 days after the Effective Date |

**IT IS SO ORDERED** this 24th day of June, 2026.

Thomas W. Thrash

Hon. Thomas W. Thrash, Jr.
United States District Judge